331 So.2d 130 (1976)
Robert Bruce GREMILLION, Plaintiff-Appellant,
v.
STATE FARM MUTUAL INSURANCE CO. et al., Defendants-Appellees.
No. 5423.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1976.
Rehearing Denied May 19, 1976.
*131 Alfred B. Shapiro, Alexandria, for plaintiff-appellant.
Gist, Methvin & Trimble by DeWitt T. Methvin, Jr., Gold, Hall, Hammill & Little by Leo Gold, Alexandria, for defendants-appellees.
Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
PAVY, Judge.
Robert "Rob" Gremillion, Jr., a minor 9 years and 3 months of age, sustained serious injuries when hit in the face by the head of a golf club in the hands of Kenny Brechtel, a minor 10 years and 8 months of age, living with his father. Suit was brought by Robert Gremillion, Sr., individually and on behalf of the child, against the liability insurer of the Brechtel family, and John Brechtel, Kenny's father. Although it appears that, technically, John Brechtel was initially joined only in his capacity as administrator of the estate of his minor son, he did not answer in that limited capacity. Apparently, the case has been tried and, certainly, briefed before this court, on the theory that the father is a defendant in his individual capacity. Because the parties have so treated the matter and because of the disposition we will make on the question of liability, we do not deem it necessary to decide whether the father is in fact a party defendant.
The defendants denied the alleged negligence of the Brechtel child and set up contributory negligence of both Rob Gremillion and his father. Certain incidental demands were filed but need not be detailed for a proper discussion of the issues on which we decide the case. The trial judge denied recovery and dismissed the suit. No reasons for his decision appear in the record. Plaintiffs have appealed.
Plaintiffs claim that, by the rule in Turner v. Bucher, 308 So.2d 270 (S.Ct. 1975), the only serious issue is that of the contributory negligence of Rob Gremillion, arguing that the holding of that case attaches liability to the father if his child is negligent by adult standards and by such measurement Kenny Brechtel must be found careless. Defendant contends the Turner case is distinguishable factually because of the age and the injury-causing activity of the offending child in that case, that the accident was unavoidable as far as Kenny was concerned and, alternatively, that the Gremillion child was contributorily negligent.
In Turner, the Supreme Court overruled prior jurisprudence and interpreted Civil Code Article 2318 to impose liability on a father for the action of his 6-year-old child in running a bicycle into a sidewalk pedestrian from the rear. The court stated:
"We conclude that although a child of tender years may be incapable of committing a legal delict because of his lack of capacity to discern the consequences of his act, nevertheless, if the act of a child would be delictual except for this disability, the parent with whom he resides is legally at fault and, therefore, liable for the damage occasioned by the child's act. This legal fault is determined without regard to whether the parent could or could not have prevented the act of the child, i. e., without regard to the parent's negligence. It is legally imposed strict liability. This liability may be escaped when a parent shows the harm was caused by the fault of the victim, by the fault of a third person, or by a fortuitous event.
Having made the threshold determination that a father is responsible for the delicts of his minor child whether or not the child is of sufficient age to be capable *132 of discerning the consequences of his acts, we need not determine whether this particular child, Gregory Bucher, was possessed of the requisite age and capacity to know the consequences of his act. Such an inquiry would be irrelevant and immaterial in answering the issue before us. The fact that the conduct was tortious when measured by normal standards is enough to render the father liable therefor."
We are unable to agree with the contention of counsel for plaintiff regarding the Turner case. That case dealt with the liability of a parent for the acts of a child below the age of discernment. The child in that case was 6 years of age. Here, the child who committed the alleged tortious conduct was 10 years old and above the age of discernment. The precise holding of the Turner case does not bear on our approach to the question of negligence herein. Accordingly, we proceed in the ordinary fashion to determine whether young Brechtel was negligent.
The accident happened in the Gremillion's backyard. The two children (Rob and Kenny) and several others were playing near a building which was detached from the residence and served as a workshop and storage shed. The storage shed was open on one end. The club belonged to Mr. Gremillion and was regularly kept in a golf bag in the open-ended shed. There was some suggestion in the evidence that several of the clubs had lain about the yard from the previous day. Kenny Brechtel testified that he found the club lying on the ground.
There is a question from the evidence as to precisely how the accident happened. Rob Gremillion testified that Kenny was swinging the club golf-fashion on one side of the shop-shed and about 10 feet from that building. Rob stated that he went to the other side of the shed and played with other children for a few minutes, after which he started chasing one of them.
The chase led him around to the side at which Kenny was swinging the club and as he (Rob) came around to that side he was hit by the swinging club.
Peter Maddox, one of the children, testified that Kenny was "chopping" a stick with the club on the side of the building as previously described and that Rob was pushing or riding a "Big Wheel" (a type of tricycle toy) which had lost its front wheel; that the "Big Wheel" stuck or caught on something and Rob was thrown off balance and into the path of the club as it was on the backstroke.
Kenny himself did not see Rob immediately before the accident and could not relate just how Rob got in the position to be hit. He did confirm that he was swinging the club golf-fashion and that previously Rob had been on that side of the building but had gone to the other side.
The testimony of these three youngsters constitutes the only evidence as to precisely how Rob came to be in the path of the club. It is childlike, vague and suggestive of general unreliability. We think there is no question (1) that the accident occurred near the building (all children testified to this), (2) that the club was being used by Kenny with considerable force (the serious fractures to Rob's face confirm this). We further think that the preponderance of the evidence is that the club was being swung golf-fashion instead of in a chopping motion (this was confirmed by both Rob and Kenny and Maddox's statement that it was being used in a chopping motion is not consistent with the force of the blow) and (3) that Rob ran (instead of fell from loss of balance) into the path of the club because Rob would more accurately know and remember this matter rather than Maddox and Rob's testimony on this issue is more plausible and explicit than that of Maddox.
It is well settled that in determining whether a child is negligent due regard *133 must be given to his age, maturity, intelligence and knowledge, generally and as to the particular situation involved, as well as all the facts and the circumstances of the case including the particular risk that produced the injury. See Simmons v. Beauregard Parish School Board, 315 So. 2d 883, (La.App. 3rd Cir. 1975) and authorities cited therein.
Although he was 10 years of age, there is nothing to show that Kenny Brechtel was advanced in maturity, knowledge or intelligence. Actually, he had failed one grade. It is probably true that a child of his age should realize that a swinging club hitting a human being would cause damage. However, that is not the key consideration herein. The crucial issue is whether he ought to have anticipated that Rob would suddenly and without warning place himself in the path of the swing. This requires a knowledge of children which is peculiar to adults. Children themselves are not cognizant of each other's rash, impetuous and careless acts. The very fact that Rob, knowing that Kenny was swinging the club around the side of the shed, ran to that spot evidences a child's natural failure to anticipate or foresee consequences and convinces us that we should not find that Kenny Brechtel was careless when gauged by standards applicable to children of his age, maturity, experience and knowledge.
Having concluded that the Brechtel child was not negligent, we do not reach the question of whether the father of Brechtel would be exonerated from liability because of the fault of the victim or fault of a third person as set out in the quoted language from the Turner case.
Accordingly, for reasons assigned the judgment of the district court is affirmed. Appellants are to bear all costs of this appeal.
AFFIRMED.