834 So.2d 13 (2002)
David JONES and Sandra Jones, Individually and On Behalf of their Minor Child, Brittany Jones, Plaintiffs-Appellants,
v.
Doug COBB and Janis Cobb, Individually and in their Capacity as Natural Tutor of Justin Cobb, Defendants-Appellees.
No. 36,724-CA.
Court of Appeal of Louisiana, Second Circuit.
December 30, 2002.
*14 Richard L. Fewell, Jr., West Monroe, for Appellants.
Theus, Grisham, Davis & Leigh, by Phillip D. Myers, Monroe, for Appellees.
Before PEATROSS, KOSTELKA & HARRISON (Pro Tempore), JJ.
PEATROSS, J.
This is an appeal from a judgment of the trial court finding that twelve-year-old Justin Cobb was not negligent when he hit eight-year-old Brittany Jones in the head with a baseball bat while he was batting in a neighborhood softball game. Brittany's parents, individually and on her behalf, appeal. For the reasons stated herein, we affirm.

FACTS
On November 3, 1997, several neighborhood children, Justin and Ginny Cobb, Brittany Jones and Ryan Smith, were playing softball in the Cobbs' front yard. This was, apparently, a common practice as the children had designated areas of the yard for the pitcher's mound, bases and home plate or "batter's box".[1] The Cobbs and the Smiths were next door neighbors. Their yards were separated by an embankment which sloped down from the Smiths' yard to the Cobbs' yard, where the softball game was in progress. The testimony established that Justin, twelve years old, was at bat and his nine-year-old sister, Ginny, was pitching. Brittany, eight years old, had already batted once in the game and was to bat again after Justin. As Justin was preparing to bat, Brittany was riding her bicycle in the Smiths' yard. Brittany, however, rode down the embankment from the Smiths' yard into the Cobbs' yard coming to a stop right behind Justin as he swung the bat. His backswing hit Brittany in the temple area of her head causing her to fall, unconscious. Brittany suffered a depressed skull fracture and was hospitalized for approximately one week.
Before this case went to trial, it came to this court on summary judgment, which the trial court had granted in favor of the Cobbs on the issue of strict liability. Finding that genuine issues of material fact existed in the case "which require *15 weighing conflicting facts and inferences regarding the circumstances of the children's baseball game," this court reversed and remanded for trial. See Jones v. Cobb, 34,926 (La.App.2d Cir.8/22/01), 793 So.2d 495.
At trial, Justin testified that he knew where Brittany was before he batted as he had seen her riding her bicycle in the Smiths' yard, which was located behind him as he was batting. Justin further testified that, because his back was to Brittany, he did not see her ride up behind him as he swung. Ginny testified that Brittany was riding her bicycle from the Smiths' yard to theirs when Ginny threw the pitch to Justin, but that she believed Brittany was far enough away to not be in any danger of being hit. Brittany testified that she rode up behind Justin "at an angle" to him, stopped and was pushing her bicycle or straddling it when the bat struck her. She further testified that she was familiar with the game of softball and had played the game with the Cobb children on many occasions. In addition, she testified that she had already batted once in the game that was in progress when she was struck.
The trial court concluded that Justin was not negligent in "any way whatsoever." The trial court further found that this was just a neighborhood ball game, not a dangerous, hazardous adult activity for which there might be strict liability for the actions of a child of tender years. Judgment was entered in favor of the Cobbs. This appeal ensued.

DISCUSSION
La. C.C. art. 2318 provides as follows:
The father and the mother and, after the decease of either, the surviving parent, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons. The same responsibility attaches to the tutors of minors.
In Turner v. Bucher, 308 So.2d 270 (La. 1975), the supreme court interpreted article 2318 to include a form of strict liability of the parent for acts of the child. The activity of the child causing the injury has to have been "sufficiently negligent, imprudent and careless to constitute civil negligence if the child had been a person of discernment." Turner, supra. In Loescher v. Parr, 324 So.2d 441 (La.1975), the supreme court explained the standard for strict liability under article 2318, stating that the parent of a minor child is liable for the damage caused by the child's conduct which creates an unreasonable risk of injury to others, even though the parent is not personally negligent and the child is too young to be personally negligent. The determination of whether an activity constitutes an unreasonable risk of harm or injury to others is the risk-utility analysis described by the supreme court as follows:
There is no fixed rule for determining whether the thing presents an unreasonable risk of harm. To assist the trier-of-facts, we note that many factors are to be considered and weighed, including (1) the claims and interests of the parties; (2) the probability of the risk occurring; (3) the gravity of the consequences; (4) the burden of adequate precautions; (5) individual and societal rights and obligations; and (6) the social utility involved.
Dupree v. City of New Orleans, 99-3651 (La.8/31/00), 765 So.2d 1002.
In the case sub judice, the matter was remanded for trial so that the above analysis could be utilized by the trial court in determining whether Justin's act of swinging the bat, which resulted in Brittany's injury, could give rise to strict liability of his parents. After hearing, evaluating *16 and weighing the evidence presented at trial, the trial court concluded that Justin's act of swinging the bat in the neighborhood softball game was not negligent and did not present an unreasonable risk of harm to others. We find no error in the trial court's conclusion.
This court's review of the trial court's findings is governed by the manifest error/clearly wrong standard. Stobart v. State of Louisiana, Through Department of Transportation and Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart, supra; Rosell, supra. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell, supra.
In the case sub judice, the trial court heard the testimony of three of the children who were playing softball that day, including the victim. There was not much discrepancy among the versions of the accident as related at trial by Justin, Ginny and Brittany. The trial court found, and the record supports, that each of these children was familiar with the game of softball and had engaged in this activity on many occasions in the Cobbs' yard. The testimony supports the conclusion that Justin had seen Brittany riding her bicycle a good distance away, in the neighboring yard, before he swung and that his back was facing the Smiths' yard where Brittany was riding. We find it reasonable to conclude that Justin had no reason to believe that Brittany was in a zone of danger to be hit by his backswing or that she would suddenly ride her bicycle up behind him where she could be hit. Further, all witnesses agreed that Brittany was familiar with the game as it was being played that afternoon and she admitted that she had already batted in the game. It is not unreasonable to conclude that Brittany should have appreciated the danger of riding her bicycle up behind a batter in a softball game. After reviewing the evidence presented at trial, we find no manifest error in the trial court's conclusion that, under the particular circumstances at the time, Justin's act of swinging the bat in the neighborhood softball game did not present an unreasonable risk of harm to others. We, therefore, affirm the judgment of the trial court in favor of the defendants, Doug and Janis Cobb.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at Plaintiffs' cost.
AFFIRMED.
NOTES
[1] Justin testified that the batter's box was not a "chalked off" area, but the record clearly indicates that the spot designated as home plate was known by all of the children as the batter's area.