# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 05-05

**LAFAYETTE PARISH SCHOOL BOARD**

**VERSUS**

**DARLENE M. CORMIER, ON BEHALF OF HER MINOR CHILD, JADE CORMIER**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20030733
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE
**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

L. Lane Roy
Brian T. Roy
Preis, Kraft & Roy
P. O. Drawer 94-C
Lafayette, LA 70509
Counsel for Plaintiff/Appellant:
    Lafayette Parish School Board

Marshall M. Redmon
Holly G. Hanson
Phelps, Dunbar, LLP
445 North Blvd., #701
Baton Rouge, LA 70821-4412
Counsel for Defendant/Appellee:
    Darlene M. Cormier

PICKETT, Judge.

The plaintiff, the Lafayette Parish School Board, appeals a judgment of the trial court granting the defendant's, Darlene Cormier's, motion for summary judgment and dismissing the plaintiff's suit with prejudice and at the plaintiff's costs.

**FACTS**

The facts of the case were set out by the trial judge in his reasons for ruling; we quote approvingly (footnotes omitted):

> This lawsuit is a claim made by the Lafayette Parish School Board against Darlene Cormier, the mother of Jade Cormier. Plaintiff alleges that N.P. Moss Elementary School Annex student Jade Cormier negligently injured their employee, Mary Living, on February 7, 2002. Plaintiff paid Mary Living workers' compensation for her injuries, and Plaintiff seeks in this action to recover from Defendant what it paid and what it will pay in the future to Mary Living.
>
> Defendant moved for summary judgment. The motion was heard on July 12, 2004, and the Court took the matter under advisement. The matter was submitted on additional briefs which were filed on July 27, 2004. In Plaintiff's supplemental memorandum, the Plaintiff requested a hearing before the Court on issues raised in the supplemental briefing. However, the Court finds that additional argument is unnecessary.
>
> The undisputed facts in this matter are that Mary Living was an employee of N.P. Moss Elementary School Annex (N.P. Moss) and was acting in the course and scope of her employment as a teaching assistant with the Lafayette Parish School Board. Jade Cormier was an eleven (11) year old male student at N.P. Moss. Mary Living was the teaching assistant assigned to Jade Cormier's classroom. On the day in question, Jade purchased a toy gun from another student for one dollar ($1.00). After he purchased the gun, Jade entered Mary Living's classroom and pointed the gun at her. He then simulated firing the gun by shouting "bang." The toy gun in question was described as being very small, measuring "approximately 2-3 inches long; silver in color. Thickness was maybe the size of a dime—very small." As a result of the incident, Mary Living suffered mental and emotional trauma and was compensated by Plaintiff's workers' compensation carrier.
>
> Further undisputed facts are that Jade Cormier was enrolled in the Special Education Alternative Site Program ("SEAS") at N.P. Moss when the incident sued upon occurred. Prior to be being enrolled in N.P. Moss, Jade underwent a Pupil Appraisal Evaluation administered

1

by Pupil Appraisal Services in 1999, when Jade was 8 years old. The Pupil Appraisal evaluation found that Jade qualified for special education services in the SEAS program at N.P. Moss because Jade had an emotional and behavioral disorder. Plaintiff then prepared an individualized education plan ("IEP") for Jade. The IEP prepared by Plaintiff stated that Jade's primary exceptionality was emotional disturbance, and that he also had difficulty with impulsive and aggressive behavior.

## LAW AND DISCUSSION

In *Hines v. Riceland Drilling Co.*, 04-503 (La.App. 3 Cir. 9/29/04), 882 So.2d 1287, *writ denied*, 04-2705 (La. 1/07/05), 891 So.2d. 681, this court recounted the law applicable to the appellate review of summary judgments, stating as follows:

> In *Independent Fire Insurance Co. v. Sunbeam Corp.*, 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230-31, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:
>
>> Our review of a grant or denial of a motion for summary judgment is de novo. *Schroeder v. Board of Sup'rs of Louisiana State University*, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows:
>>
>>> The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).

*Hines*, 882 So.2d at 1289-90. Accordingly, we must undertake a de novo review of the summary judgment.

On appeal, the plaintiff assigns the following as errors:

1.  The trial court erred in granting the defendant's Motion for Summary Judgment on issues raised sua sponte in not allowing a contradictory hearing on this matter.

2.  The trial court erred in applying an assumption of risk defense, a defense which is no longer available under Louisiana law.

3.  The trial court erred in its application of the standard of proof for summary judgment proceeding in requiring the non-moving party to provide evidence of the ultimate issue in order to defeat summary judgment.

4.  The trial court erred in granting the defendant's Motion for Summary Judgment in relieving Jade Cormier of liability for the injuries caused Mary Living despite the complete and total lack of evidence that Jade Cormier is not legally subject to responsibility for his tortiuous [sic] conduct.

Appellant's first assignment of error is completely without merit. Appellant made no objection during the hearing on the defendant's motion for summary judgment to any issue raised by the defendant or the court during the hearing. Further, the transcript of the hearing of the defendant's motion shows that the appellant neither requested a continuance nor that another hearing be scheduled, but rather, requested that the plaintiff be given "an opportunity to brief this matter more specifically." The trial judge granted the plaintiff's/appellant's request. Thus, we decline to consider this issue in light of plaintiff's failure to contemporaneously object or to "make[] known to the court the action which he desire[d]the court to take." La.Code Civ. P. art. 1635.

The appellant's second assignment of error, that the trial court applied "an assumption of risk defense," is also without merit. In his reasons for judgment the

trial judge clearly stated the basis upon which he made his decision, *i.e.*, "that the undisputed facts support a finding that Jade Cormier has not breached the standard of care applicable to him." Nowhere does the trial court conclude that Mary Living assumed the risk of any injury she claims she sustained.

In its third assignment of error the appellant/School Board argues that the trial court misapplied "the standard of proof for summary judgment proceeding in requiring the non-moving party to provide evidence of the ultimate issue in order to defeat summary judgment." Such is not the case. In the case at bar, the movant/defendant would not bear the burden of proof at trial. In its reasons for judgment the trial court correctly stated who would have the burden of proof at trial and what that burden would be:

> The Plaintiff has the burden of showing that Jade Cormier, as an 11-year-old boy with his exceptionalities and under all the circumstances surrounding his conduct, should have reasonably foreseen as a result of his conduct, some such psychological injury as [was] suffered by Mary Living, and that Jade failed to exercise reasonable care to avoid such injury.

Louisiana Code of Civil Procedure Article 966(C)(emphasis ours) provides:

> (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.

> (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on *the motion does not require him to negate all essential elements of the adverse party's claim*, action, or defense, *but rather to point out* to the court that there is *an absence of factual support for one or more elements essential to the adverse party's claim*, action, or defense. Thereafter, *if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.*

The facts in this case are not in dispute; the issue to be resolved is liability, a legal determination. In support of her motion for summary judgment the defendant

4

submitted, among other things, her affidavit; the Lafayette Parish School Board Individual Evaluation Integrated Report of her son, Jade; the Individualized Education Program prepared for Jade by the Lafayette Parish School System; and excerpts from the depositions of Mary Livings and Leah Arceneaux, a social worker employed by the Board, meeting her initial burden of proof. Thus, it was incumbent upon the plaintiff as the party who would bear the burden of proof at trial "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." In response, the appellant filed no reports, no evaluations, no depositions or parts thereof, and no affidavits. In short, appellants relied on the bare allegations in its petition.

Recently, in *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, pp. 6-7 (La. 2/20/04), 866 So.2d 228, 233, the Louisiana Supreme Court reminded us of the following:

> [While] the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. . . . [Once] the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. *Hardy v. Bowie*, 98-2821, pp. 4-5 (La.9/8/99), 744 So.2d 606, 609-610.

In sum, the movant carried her initial burden of showing the absence of material facts, and the School Board failed "to produce evidence of a material factual dispute" leaving the trial court free to decide the issue of liability in light of the undisputed facts before it.

In the final assignment of error the appellant argues that, in granting the defendant's motion for summary judgment, the trial court wrongly relieved the

defendant's son "of liability for the injuries caused Mary Living despite the complete and total lack of evidence that Jade Cormier is not legally subject to responsibility for his tortiuous [sic] conduct." On its face, this allegation is without merit. Plaintiff has it wrong. It is not the defendant's burden to bring forth evidence that Jade "is not legally subject to responsibility for his tortiuous [sic] conduct." Rather, it is the plaintiff's burden to bring forth evidence that Jade is responsible for his conduct and that his conduct was, indeed, tortious.

Even though we find no merit to appellants allegations, we do review of the granting of a motion for summary judgment de novo. Thus, we will proceed.

Louisiana Civil Code Article 2318 provides as follows:

> The father and the mother and, after the decease of either, the surviving parent, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.

> The same responsibility attaches to the tutors of minors.

Our colleagues of the second circuit had two occasions to interpret Article 2318 in the same case, *Jones v. Cobb*. In *Jones* a child accidently struck another child in the head with a bat at a baseball game and the parents of the child who was struck and injured sued the parents of the child who swung the bat. In the first *Jones v. Cobb*, 34,926 (La.App. 2 Cir. 8/22/01), 793 So.2d 495 (*Jones One*), the case was before the court following the trial court's granting a motion for summary judgment filed by the defendants in which the trial court found the batter was not negligent. Finding there were genuine issues of material facts remaining, the second circuit reversed and remanded for a full trial on the merits (in the case sub judice, there are no disputed facts). Following the trial on the merits, in which the district court again found the

batter was not negligent, the plaintiffs appealed. *Jones v. Cobb*, 36,724 (La.App. 2 Cir. 12/30/02), 834 So.2d 13 *(Jones Two)*. Both *Jones* cases addressed the parents liability for acts of their child. Both opinions treated the issue identically. However, *Jones One* went into greater detail:

> By interpretation of La. C.C. art. 2318, our supreme court in *Turner v. Bucher*, 308 So.2d 270 (La.1975), adopted a form of strict liability of the parent for acts of the child. The court's ruling emphasized that the activity causing the injury "would have been sufficiently negligent, imprudent and careless to constitute civil negligence if the child had been a person of discernment." *Id.* at 271. The court held:

>> We conclude that although a child of tender years may be incapable of committing a legal delict because of his lack of capacity to discern the consequences of his act, nevertheless, if the act of a child would be delictual except for this disability, the parent with whom he resides is legally at fault and, therefore, liable for the damage occasioned by the child's act. This legal fault is determined without regard to whether the parent could or could not have prevented the act of the child, i.e., without regard to the parent's negligence. It is legally imposed strict liability. This liability may be escaped when a parent shows the harm was caused by the fault of the victim, by the fault of a third person, or by a fortuitous event.

>> Having made the threshold determination that a father is responsible for the delicts of his minor child whether or not the child is of sufficient age to be capable of discerning the consequences of his acts, we need not determine whether this particular child, Gregory Bucher, was possessed of the requisite age and capacity to know the consequences of his act. Such an inquiry would be irrelevant and immaterial in answering the issue before us. The fact that the conduct was tortious when measured by normal standards is enough to render the father liable therefor.

> *Id.* at 277.

> At the time of the ruling in *Turner v. Bucher, supra*, Louisiana's strict liability law for damages caused by a person or thing in one's custody or garde was in its developmental stage with cases such as *Holland v. Buckley*, 305 So.2d 113 (La.1974) and *Loescher v. Parr*, 324 So.2d 441 (La.1975), providing interpretation for La. C.C. arts. 2317, *et seq*. Unlike the other settings where strict liability developed, no

7

subsequent ruling by the Louisiana Supreme Court has made express application of the Turner decision in a case involving a child's accident, and the number of such cases has not been significant in rulings by the courts of appeal. Despite the 1996 legislative changes for strict liability regarding the custody of things and animals, La. C.C. art. 2318, as applied in *Turner*, remains applicable.

Although the standard by which the actions of a child are measured has not been applied in another supreme court case since *Turner*, the court in its landmark ruling in *Loescher v. Parr, supra*, elaborated on the standard as follows:

> Recently, upon examination of the code scheme of fault liability, we held that under Article 2318 the parent of a minor child is liable for the damage caused by the child's conduct which creates an *unreasonable risk of injury to others*, even though the parent himself is not personally negligent and the child is too young to be personally negligent.
>
> *Id.* at 446 (emphasis supplied).

The unreasonable risk of injury test was likewise discussed and applied in *Boyer v. Seal*, 553 So.2d 827 (La.1989). There the plaintiff asserted that strict liability for her injuries applied to the defendant-owner of a cat which had merely brushed against plaintiff's leg, causing her to fall in the defendant's home. Finding no liability, the court held that the unreasonable risk of harm principle applied in measuring the risk created by the actions of the defendant's cat. Discussing Louisiana's strict liability law and citing *Loescher*, the court stated that the "liability of the owner or guardian 'arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.' " *Id.* at 834.

The judicial process involved in deciding whether a person in another's custody, or a thing under garde poses an unreasonable risk of harm is similar to that of taking into account all of the social, moral, economic and other considerations as would a legislator regulating the matter. *Id.* at 835; *Entrevia v. Hood*, 427 So.2d 1146 (La.1983). This so-called risk-utility analysis has been more recently described by the supreme court as follows:

> There is no fixed rule for determining whether the thing presents an unreasonable risk of harm. To assist the trier-of-facts, we note that many factors are to be considered and weighed, including: (1) the claims and interests of the parties; (2) the probability of the risk occurring; (3) the gravity of the consequences; (4) the

> burden of adequate precautions; (5) individual and societal
> rights and obligations; and (6) the social utility involved.
>
> *Dupree v. City of New Orleans*, 99-3651 (La.9/1/00), 765 So.2d
> 1002, 1012.

*Jones v. Cobb*, 793 So.2d at 497-99 (footnotes omitted; emphasis in original).

In *Gremillion v. State Farm Mut. Ins. Co.*, 331 So.2d 130 (La.App. 3rd Cir. 1976) a panel of this court stated:

> It is well settled that in determining whether a child is negligent due regard must be given to his age, maturity, intelligence and knowledge, generally and as to the particular situation involved, as well as all the facts and the circumstances of the case including the particular risk that produced the injury. See *Simmons v. Beauregard Parish School Board*, 315 So.2d 883, (La.App.3rd Cir. 1975) and authorities cited therein.

*Id.* at 132-33.

The trial court noted:

Jade Cormier's actions toward Mary Living must be compared to the actions of a reasonably prudent 11-year-old boy who has the same exceptionalities as does Jade. Additionally, Jade's maturity level, knowledge of the situation, and circumstances involved, as well as Jade's awareness of the risks involved must be gauged against the reasonably prudent 11-year-old boy who has the same exceptionalities that Jade possesses.

Based upon the current jurisprudence, we find the trial court applied the correct standard of care in the case at bar. Applying that standard of care to the undisputed facts in this case, the trial court concluded "that Jade Cormier has not breached the standard of care applicable to him." After examining the record, we agree with the conclusion reached by the trial court. Inasmuch as we find Jade Cormier did not breach the standard of care applicable to him, his mother cannot be held vicariously liable for his actions.

Accordingly, for the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant, the Lafayette Parish School Board.

**AFFIRMED.**