# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

## DOCKET NUMBER
## 2022 CA 1151

## SCOTT LOUPE AND NATALIE LOUPE, ON BEHALF OF THEIR MINOR CHILD, G.L.[1]

## VERSUS

## THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF BATON ROUGE, ST. GEORGE SCHOOL, JASON WARREN MURRAY AND CAROLINE BECK MURRAY, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, J.M.

Judgment Rendered: **MAY 0 9 2023**

* * * * *

## ON APPEAL FROM THE
## 19TH JUDICIAL DISTRICT COURT, DIVISION 26
## EAST BATON ROUGE PARISH, LOUISIANA
## STATE OF LOUISIANA
## DOCKET NUMBER 677,192

## HONORABLE RICHARD "CHIP" MOORE, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Lewis O. Unglesby<br>Lance C. Unglesby<br>Adrian M. Simm, Jr.<br>Jamie F. Gontarek<br>Baton Rouge, Louisiana | Attorneys for Plaintiffs-Appellants<br>Scott Loupe and Natalie Loupe, on<br>behalf of their minor child, G.L. |
| Shane P. Landry<br>Denham Springs, Louisiana | |
| Charles L. Chassaignac, IV<br>J. Murphy Delaune<br>Baton Rouge, Louisiana | Attorneys for Defendants-Appellees<br>Jason Warren Murray and Caroline<br>Beck Murray |

## BEFORE: McCLENDON, HOLDRIDGE, AND GREENE, JJ.

---

[1] We note the trial court's issuance of a protective order in this case making certain documents in the record confidential. In this opinion, we use the initials of the minor children involved to protect and maintain their privacy. *See Penton v. Castellano*, 48,433 (La. App. 2 Cir. 10/23/13), 127 So.3d 944, *writs denied*, 13-2687, 2725 (La. 2/7/14), 131 So.3d 867, 869.

Holdridge J. concurs w/ Result

**GREENE, J.**

The parents of a five-year-old boy injured on a school playground appeal a summary judgment dismissing their claims against the parents of the classmate who allegedly caused their son's injuries. After review, we affirm in part, reverse in part, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

G.L. and J.M. were kindergarten classmates at St. George School in Baton Rouge, Louisiana, for the 2017-2018 school year. On December 11, 2017, G.L. and J.M. were involved in a playground incident that resulted in the dislocation of G.L.'s left hip and his confinement to a wheelchair for approximately three months. Scott and Natalie Loupe, G.L.'s parents, filed a suit for damages, individually and on G.L.'s behalf, against: Jason and Caroline Murray, J.M.s' parents; St. George School; and, the Roman Catholic Church of the Diocese of Baton Rouge.

After the parties conducted discovery and all defendants answered the suit, the Murrays filed a motion for summary judgment seeking dismissal of the Loupes' claims against them. The Murrays also filed a cross claim against St. George School and the Roman Catholic Church of the Diocese of Baton Rouge (the School Defendants). Later, the School Defendants filed their own motion for summary judgment seeking dismissal of the Loupes' claims against them. The Loupes opposed both motions. The Murrays and the School Defendants filed separate responses objecting to some of the Loupes' opposition evidence. After a hearing, the trial court signed two judgments: (1) one judgment dated April 20, 2022, excluding Exhibits A through H of the Loupes' opposition evidence to the Murrays' motion for summary judgment, granting the Murrays' motion, and dismissing the Loupes' claims against them; and, (2) a second judgment also dated April 20, 2022, excluding Exhibits A through D of the Loupes' opposition evidence to the School Defendants' motion for summary judgment, granting the School Defendants' motion, and dismissing the Loupes' claims against them.

The Loupes appealed both judgments. In this appeal, we review the summary judgment rendered in the Murrays' favor. Another panel of this Court has recently affirmed in part, reversed in part, and remanded the summary judgment rendered in the

2

School Defendants' favor. *See Loupe v. Roman Catholic Church of the Diocese of Baton Rouge*, 22-1153 (La. App. 1 Cir. 4/14/23), ___So.3d ___, 2023 WL 2947499.

## ASSIGNMENTS OF ERROR

On appeal, the Loupes contend the trial court erred in granting summary judgment in favor of the Murrays. In five assignments of error, the Loupes essentially argue the trial court erred: by excluding two of their summary judgment opposition exhibits; in granting summary judgment on issues the Murrays did not raise in support of their motion; in basing summary judgment on evidence that was irrelevant to finding the Murrays liable under La. C.C. art. 2318; and, in granting summary judgment, because there was competent evidence showing genuine issues of material fact regarding whether J.M.'s conduct was intentional, or at least negligent; whether his conduct was spontaneous; and, whether his parents had knowledge of his alleged behavioral problems at school.

## SUMMARY JUDGMENT

Appellate courts review the grant or denial of summary judgment *de novo* under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. *Jefferson v. Nichols State University*, 19-1137 (La. App. 1 Cir. 5/11/20), 311 So.3d 1083, 1085, *writ denied*, 20-00779 (La. 11/4/20), 303 So.3d 623. A court shall grant summary judgment if the pleadings, memorandum, and admissible supporting documents show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. *See* La. C.C.P. art. 966(A)(3) and (4); *Jefferson*, 311 So.3d at 1085.

The summary judgment movant maintains the burden of proof. La. C.C.P. art. 966(D)(1). Nevertheless, if the movant will not bear the burden of proof at trial on the issue before the court on the motion, his burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and, if

appropriate, the court shall render summary judgment against him. La. C.C.P. arts. 966(D)(1) and 967(B).

The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment and shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider. La. C.C.P. art. 966(D)(2); *May v. Carson,* 21-1156 (La. App. 1 Cir. 8/2/22), 348 So.3d 88, 91, *writ denied,* 22-01394 (La. 11/22/22), 350 So.3d 497.

## EXCLUSION OF EXHIBITS C AND D
## OF THE LOUPES' SUMMARY JUDGMENT EVIDENCE

In their first assignment of error, the Loupes contend the trial court erred in excluding their Exhibits C and D, which were filed with their memorandum in opposition to the Murrays' motion for summary judgment. Exhibits C and D are email messages sent by Lauren Keyser, a St. George School teacher, to Karla Prejean, the St. George School disciplinarian. The trial court excluded these documents based on the Murrays' timely filed objection, in which they argued the documents were not properly authenticated. In this procedural posture, we review the trial court's ruling on the objection under the abuse of discretion standard of review. *See Pottinger v. Price,* 19-0183 (La. App. 1 Cir. 10/23/19), 289 So.3d 1047, 1053.

On appeal, the Loupes do not claim that they properly authenticated the challenged documents. Rather, they argue that the trial court erred in excluding them, because the School Defendants filed Ms. Keyser's deposition with their memorandum in opposition to the Murrays' motion for summary judgment and the two referenced documents were attached to that deposition as exhibits. Our review of the record shows that the School Defendants attached only an excerpt of Ms. Keyser's deposition to their opposition memorandum; in that excerpt, there is no mention of the two referenced

4

documents; and, the two documents are not attached to the deposition excerpt. Thus, the Loupes have failed to show that their Exhibits C and D were properly filed into the record, properly authenticated, or otherwise admissible for summary judgment purposes, and the trial court did not abuse its discretion in excluding them. For purposes of our *de novo* review, the Loupes' only admissible summary judgment evidence consists of the depositions of G.L. and J.M. This assignment of error has no merit.

**PARENT LIABILITY FOR DAMAGE
CAUSED BY THEIR MINOR CHILD'S CONDUCT**

In their remaining assignments of error, the Loupes essentially contend the trial court erred in granting summary judgment against them, because the trial court relied on irrelevant evidence, and because the evidence showed genuine issues of material fact as to whether J.M.'s conduct resulting in G.L.'s injury was intentional, negligent, spontaneous, and/or known to his parents. Although we do not address each assignment of error individually, this opinion disposes of all issues raised.

Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material for summary judgment purposes can be seen only in light of the substantive law applicable to the case. *Jefferson*, 311 So.3d at 1085. Generally, a father and a mother are responsible for damage caused by their minor child who lives with them. *See* La. C.C. arts. 225, 2317, and 2318. In *Turner v. Bucher*, 308 So.2d 270, 277 (La. 1975), the Supreme Court characterized a parent's liability under La. C.C. art. 2318 as a legally-imposed strict liability, which is determined without regard to whether the parent could or could not have prevented the child's act, *i.e.*, without regard to the parent's negligence. In *Loescher v. Parr*, 324 So.2d 441, 446-47 (La. 1975), the Supreme Court further explained that La. C.C. art. 2318's strict liability is imposed on a parent when his child's conduct creates an unreasonable risk of injury to others, even though the parent himself is not personally negligent, and the child is too young to be personally negligent. *Jones v. Cobb*, 36,724 (La. App. 2 Cir. 12/30/02), 834 So.2d 13, 15. A child may be of such tender age that he does not fully appreciate or discern the dangerous consequences of his act. *See Turner*, 308 So.2d at 277; *Ryle v. Potter*, 413 So.2d 649, 651 (La. App. 1 Cir. 1982). In Louisiana, courts generally consider the age of

5

five years (J.M.'s age on the day of the playground incident) below the age at which a child is capable of such discernment. *See* Crawford, W., *Vicarious responsibility (including animals)*, 12 La. Civ. L. Treatise, Tort Law, § 9:2 (2d ed. August 22 Update); Marvin, Charles A., *Discerning the Parent's Liability for the Harm Inflicted by a Nondiscerning Child*, 44 La. L. Rev. 1213, 1217 (1984). Thus, this strict liability is imposed on a parent if his nondiscerning child's conduct was "sufficiently negligent, imprudent[,] and careless to constitute civil negligence[,] if the child had been a person of discernment." *Turner*, 308 So.2d at 277; *Jones*, 834 So.2d at 15; *Ryle*, 413 So.2d at 651.[2]

There is no fixed rule for determining whether a child's conduct creates an unreasonable risk of harm. Relevant factors to be considered and weighed include: (1) the claims and interests of the parties; (2) the probability of the risk occurring; (3) the gravity of the consequences; (4) the burden of adequate precautions; (5) individual and societal rights and obligations; and, (6) the social utility involved. *Jones*, 834 So.2d at 15, *citing Dupree v. City of New Orleans*, 99-3651 (La. 8/31/00), 765 So.2d 1002, 1012. The injured person must prove the non-discerning child's conduct presented an unreasonable risk of injury to another and that the damage resulted from the unreasonable risk of injury. *See Loescher*, 324 So.2d at 446-47. Once this is proved, the parent can escape liability only if he shows the injury was caused by the fault of the

---

[2] In interpreting the strict liability standard imposed by La. C.C. art. 2318, the Louisiana Civil Law Treatise contains the following jury instruction:

> In this case, the activity in question is the fact that the defendant was the parent of the minor child which allegedly caused harm to the plaintiff. The Civil Code, in Article 2318, provides a standard applicable to this situation.
>
>> The father, and, the mother are responsible for the damage occasioned by their minor child, who resides with them or who has been placed by them under the care of other persons ... [.]
>
> In interpreting this standard, our courts have considered first whether the child is under the age of discernment, that is, whether the child is so young that he cannot understand the reasonable consequences of his conduct. If you are convinced that this child was under the age of discernment, but you believe that the child's conduct was below the standard of behavior that we would expect of an adult engaged in the same activity and caused an undue risk of harm, you may nonetheless hold the parent of that child liable for the damages which the child has caused.
>
> If, on the other hand, you believe that the child's conduct was not below the standard of behavior that we would expect of an adult engaged in the same activity, then you must return a verdict for the defendant parent.
>
> 18 La. Civ. L. Treatise, Civil Jury Instructions §7:1 (3d ed.), *Strict liability - Civil Code Article 2318 - Children under age of discernment - Basic charge*

victim, by the fault of a third person, or by an irresistible force. *Id.* at 447. *See also Turner,* 308 So.2d at 277; *Penton v. Castellano,* 48,433 (La. App. 2 Cir. 10/23/13), 127 So.3d 944, 947, *writs denied,* 13-2687 (La. 2/7/14), 131 So.3d 867, 869; *Ryle,* 413 So.2d at 651.[3]

After a *de novo* review of the admissible evidence, and based on the above applicable law, we conclude the trial court erred in granting summary judgment to the Murrays. Facts regarding whether J.M.'s conduct was intentional, negligent, and/or spontaneous, and his parents' knowledge of J.M.'s behavior, are relevant in determining whether J.M.'s conduct on the day of the playground incident constituted an unreasonable risk of injury to G.L. As explained below, we also conclude that the admissible summary judgment evidence creates genuine issues of material fact as to these inquiries.

In support of their motion, the Murrays filed the depositions of G.L. and his mother, Natalie Loupe. They argued that summary judgment was appropriate, because the Loupes could not prove that J.M. committed a tort. They also argued that they were not liable, because it was instead the School Defendants who were liable. In opposition, the Loupes' admissible summary judgment evidence consisted of the depositions of G.L. and J.M.

In his deposition, G.L. testified that he was playing a game of tag with friends, Caleb and Grayson, at recess, when J.M. joined the game. G.L. did not want to play with J.M., because, earlier in the school year, J.M. had twisted his fingers more than once when they were standing in line at school. Without telling the other students, G.L. quit the game of tag and walked away. G.L. explained that, when he had reached a play set and was about to climb a ladder, J.M. appeared, pushed G.L. from the side, G.L. fell to the ground with one leg raised in the air, and then J.M. jumped on him. G.L. testified that J.M. thought he was still playing the game and that J.M. jumped on him "on purpose."

---

[3] On appeal, the Murrays also contend the trial court properly granted summary judgment in their favor, because it is the School Defendants who are liable for G.L.'s injuries. As we earlier noted, the trial court also granted summary judgment in the School Defendants' favor, and this Court recently affirmed in part, reversed in part, and remanded that judgment. *See Loupe v. Roman Catholic Church of the Diocese of Baton Rouge,* 22-1153 (La. App. 1 Cir. 4/14/23), ____So.3d ___, 2023 WL 2947499.

7

Mrs. Loupe's deposition testimony corroborates G.L.'s testimony. She testified that, before the playground incident, G.L. had repeatedly come home from school telling her that J.M. was "being mean" to him by twisting his fingers. Mrs. Loupe instructed G.L. not to play with J.M. Although she conceded that G.L. told her J.M. "came out of nowhere" immediately before, she confirmed that G.L.'s version of the incident was that J.M. intentionally pushed him down and jumped on him. Mrs. Loupe also testified that, on a field trip in October 2017, she had personally seen J.M. being disruptive, not following orders, and grabbing another child in an attempt to "bear hug" the child. She further stated that, at a school function in early December 2017, J.M.'s mother told her that she had met with J.M.'s teacher regarding J.M. frequently having to move his clip down on a classroom behavior chart.

In contrast to the deposition testimony of G.L. and Mrs. Loupe, J.M. testified in his deposition that he was playing with Caleb on the playground, Caleb asked G.L. if he wanted to pay tag, G.L. said "yes," and then they all began the game, with J.M. being designated as "it." J.M. indicated that he was certain that G.L. wanted to play tag. According to J.M., he was chasing G.L. to tag him as "it," J.M. was running really fast, G.L. stopped, and then J.M. ran into him, G.L. fell, and J.M. fell on top of him and hurt him. J.M. indicated that the incident was an accident, and when asked if he fell on G.L. "on purpose," J.M. answered "no." J.M. admitted that when he was in kindergarten at St. George School, he sometimes had to move his clip down on the classroom behavior chart and had also gone to detention for not following directions. He denied ever squeezing anyone's fingers.

A proper analysis of the Loupes' claims against the Murrays under La. C.C. art. 2318 requires consideration of the unreasonable risk of harm factors set forth above, including a balancing of the risks involved in school playground games with the social utility of such conduct. *See Jones v. Cobb*, 34,926 (La. App. 2 Cir. 8/22/01), 793 So.2d 495, 499-500. This inquiry requires weighing conflicting facts and inferences regarding G.L. and J.M.'s relationship before the playground incident as well as the circumstances of the game of tag in which they both participated. *Id.* At first glance, an injury resulting from a game of tag on a school playground involving five-year-old boys may appear to

8

be a remote risk when balanced against the social utility of play. But, there is conflicting testimony regarding whether J.M. had previously injured G.L. by twisting his fingers, whether both boys were voluntarily participating in the game of tag, and whether J.M.'s act of falling on G.L. was "on purpose" or accidental. Under *Turner*, these disputed facts leave it unclear whether the activity causing the injury was an intentional tort, or, alternatively, "sufficiently negligent, imprudent, and careless to constitute civil negligence[,]" if J.M. had been a person of discernment. *See Turner*, 308 So.2d at 217; *Jones*, 793 So.2d at 500; *Ryle*, 413 So.2d at 651. A fact finders' positive answer to either inquiry could possibly result in the Murrays' liability under La. C.C. art. 2318. Accordingly, summary judgment is not proper at this time.

## CONCLUSION

For the foregoing reasons, based on our *de novo* review, we conclude the trial court erred in granting summary judgment to the Murrays and dismissing the Loupes' claims against them. We affirm the April 20, 2022 judgment insofar as it excluded the Loupes' summary judgment opposition evidence, Exhibits A through H, from consideration. We reverse the April 20, 2022 judgment on the merits and remand this case to the trial court for further proceedings. We assess costs of this appeal to Jason and Caroline Murray.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**