# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 04-503


DAVID HINES, ET AL

VERSUS

RICELAND DRILLING COMPANY


**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. 45-02
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

**********

## BILLY HOWARD EZELL
## JUDGE

**********

Court composed of Jimmie C. Peters, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Denise A. Vinet**
**Vinet & Vinet**
**11817 Bricksome Ave., Suite A**
**Baton Rouge, LA 70816**
**(225) 292-7410**
**Counsel for: Plaintiffs/Appellants**
**David Hines, et al**
**Donald Hines, et al**

**H.O. Lestage, III**
**Hall, Lestage, and Landreneau**
**P.O. Box 880**
**207 W. Second St.**
**DeRidder, LA 70634**
**(337) 436-8692**
**Counsel for: Defendant/Appellee**
**Riceland Drilling Company**

**Robert B. Purser**
**Purser Law Firm**
**P.O. Box 1670**
**614 South Main St.**
**Opelousas, LA 70571**
**(337) 948-0815**
**Counsel for: Intervenor/ Appellee**
**American Interstate Insurance Company**

**EZELL, JUDGE.**

This case involves an intentional tort claim arising out of a workplace accident. David Hines asserts that the trial court erred in granting summary judgment in favor of Riceland Drilling Company, claiming that his injury was the result of an intentional tort, thereby allowing him to recover damages in addition to workers' compensation. We disagree, and for the following reasons, affirm the decision of the trial court.

On January 25, 2001, Hines was working on the floor of a land oil rig. Earlier in the day, a washer had fallen off a metal pin located in a traveling block used to move pipe on the rig. The entire crew of the rig was aware of the missing washer, but the decision was made by Jerry Fontenot, the toolpusher in charge of the job site, to continue working. The crew began slowly removing pipe from a drilled hole, to insure the pin would stay in place. After removing approximately five bundles of pipe, Fontenot was reassured the pin would not fall out and the pace of the removal was increased. On the next run, the metal pin vibrated loose from the traveling block and fell ninety feet, striking Hines on the head. Hines suffered a fractured skull, dizziness and some memory loss as a result of the blow. Hines began to receive workers' compensation benefits as a result of the accident.

Hines then filed this suit, alleging that Riceland Drilling intentionally caused his injury by forcing him to work when his superiors knew that the drilling equipment was defective and that continuing operations would be certain to result in his injury. Riceland Drilling answered that there was no intentional act, that Hines was receiving workers' compensation benefits, and that, under the provisions of La.R.S. 23:1032, his right to these benefits were exclusive of all other claims arising out of his employment. Riceland Drilling filed a motion for summary judgment, which was

1

granted by the trial court.  From this decision, Hines appeals.

On appeal, Hines asserts two assignments of error: That the trial court erred in striking its memorandum in opposition to the summary judgment, and that the trial court erred in granting Riceland Drilling's motion for summary judgment.

First, Hines claims that the trial court erred in striking his memorandum in opposition to Riceland Drilling's motion for summary judgment.  We disagree. Riceland Drilling filed a motion for summary judgment on July 24, 2003.  Hearing on the matter was scheduled for August 26, 2003.  On Friday, August 22, 2003, Hines filed a memorandum in opposition to Riceland Drilling's motion for summary judgment, including an affidavit in support of that memorandum.  Riceland Drilling then filed a motion to strike the opposition on the basis that it was filed only one legal day prior to the hearing on the summary judgment, not the four days required by La.Code Civ.P. art. 966(B) and Uniform Rules of the District Courts - Rule 9.10.  The trial court granted Riceland Drilling's motion to strike, and Hines sought supervisory writs to this court, which were denied.

Louisiana Code of Civil Procedure Article 966(B) (emphasis added) provided, in pertinent part, at the time of the hearing:

> The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing.  For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions.  The adverse party may serve opposing affidavits, and if such opposing affidavits are served, *the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least four days prior to the date of the hearing* unless there are local rules of court to the contrary.

Uniform Rules of the District Courts Rule -9.10(C) further provided at the time of the hearing, that "[a]ffidavits in opposition to a motion for summary judgment must be served at least four days prior to the date of the hearing.  A court may not allow filing of opposition affidavits fewer than four days prior to the date of the

2

hearing except by amendment to these rules."

Finally, La.Code Civ.P. art. 5059 states that when periods of time prescribed by law are less than seven days, legal holidays are not to be included in the calculation thereof.

It is clear that in the instant case, Hines filed his opposition to Riceland's motion for summary judgment a mere one legal day prior to the hearing on the matter. Thus, the filing was clearly not timely under either La.Code Civ. P. art. 966 or Uniform Rules of the District Courts Rule - 9.10. The trial court made no error in striking Hines' opposition for summary judgment.[1]

Finally, Hines claims that the trial court erred in granting Riceland Drilling's motion for summary judgment. Again, we disagree.

In *Independent Fire Insurance Co. v. Sunbeam Corp.*, 99-2181, 99-2257, p. 7 (La. 2/29/00), 755 So.2d 226, 230-31, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:

> Our review of a grant or denial of a motion for summary judgment is de novo. *Schroeder v. Board of Sup'rs of Louisiana State University*, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . .The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in

---

[1] The trial court did commit a harmless error in its interpretation of the relationship between the Uniform Rules of the District Courts and the Louisiana Code of Civil Procedure. The trial court seemed to interpret the Uniform Rules of the District Courts as eliminating its discretion, stating essentially that it *could not* allow the late filing rather than it *was not* going to allow it. This is incorrect. Louisiana Code of Civil Procedure art. 966 clearly allows the court discretion to give the adverse party additional time to file a response for good cause. However, since there was no good cause shown here, and since the proffered evidence would not have an effect on the outcome of this matter, this misinterpretation was harmless error.

summary judgment proceedings as follows:

> The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).

Accordingly, we must review the summary judgment *de novo*.

Louisiana Revised Statutes 23:1032 provides in part:

> A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
>
> . . . .
>
> B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

Thus, the sole issue in the summary judgment at hand is whether there was any genuine issue of material fact as to whether the acts of Riceland Drilling and its employees were intentional.

The Louisiana Supreme Court has held that:

> the meaning of "intent" in this context" it that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result certain to follow from his conduct, whatever his desire may be as to that result."

*Reeves v. Structural Preservation Sys.*, 98-1795, p.6 (La. 3/12/99), 731 So.2d 208, 211, (*quoting Bazley v. Tortorich,* 397 So.2d 475, 481 (La.1981)).

"'Substantially certain to follow" requires more than a reasonable probability that an injury will occur and 'certain' has been defined to mean 'inevitable' or 'incapable of failing.' *Id* at 213. "[A]n employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the substantial certainty requirement." *Armstead v. Schwegmann Giant Super Markets, Inc.*, 618 So.2d 1140, 1142 (La.App. 4 Cir.), *writ denied*, 629 So.2d 347 (La.1993). "Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing." *Id.* (*citing Tapia v. Schwegmann Giant Supermarkets, Inc.*, 590 So.2d 806, 807-08 (La.App. 4 Cir. 1991)).

It is clear from the record that Jerry Fontenot was aware that the pin posed a potential hazard. He appreciated that it posed a possible risk. This was evidenced by his telling the crew to "keep an eye on" the pin. However, as noted above, this does not constitute intent. On the contrary, the record, including the depositions of all the other crew members and the evidence proffered by Hines in his opposition to the summary judgment, clearly shows Fontenot was convinced that the pin could not escape its housing. No one on the crew could say with any substantial certainty that the pin would fall. In fact, a similar incident occurred roughly one year prior to Hines's accident where the washer separated from the pin, yet the pin did not come loose in that instance. The actions of Riceland Drilling's employees, while perhaps negligent, certainly do not arise to the level of intent. As such, the recovery is precluded under La.R.S. 23:1032.

While any opposition to the motion for summary judgment was stricken, Hines still would have failed to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial in accordance with La. Code

Civ.P. art. 966(C)(2), even had his opposition been allowed into evidence.  There is simply nothing in the evidence proffered by Hines which poses a genuine issue of material fact as to whether the actions of Riceland Drilling and its employees were intentional.  Accordingly, the trial court was correct in granting Riceland Drilling's motion of summary judgment.

For the reason set forth, the ruling of the trial court is affirmed.  Costs of this appeal are assessed against the Plaintiff/Appellants.

**AFFIRMED.**