# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 07-283

**REX TOWNSLEY AND J. MAC MORGAN**

**VERSUS**

**QUALITY MARINE SERVICES, INC. AND INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**

**************
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2005-3843
HONORABLE RICK BRYANT, DISTRICT JUDGE

**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and James T. Genovese, Judges.

**AFFIRMED.**

**Rex D. Townsley**
**The Townsley Law Firm**
**3102 Enterprise Boulevard**
**Lake Charles, Louisiana 70601**
**(337) 478-1400**
**COUNSEL FOR APPELLANTS:**
    **Rex D. Townsley and J. Mac Morgan**

**J. Mac Morgan**
**Law Office of Mac Morgan**
**4650 Nelson Road, Suite 415**
**Lake Charles, LA 70605**
**(337) 474-7143**
**COUNSEL FOR APPELLANTS:**
    **Rex D. Townsley and J. Mac Morgan**

**Carl T. Conrad**
**Henderson, Reilly & Boudreaux**
**300 Lafayette Street**
**Houma, LA  70360-4368**
**(985) 868-2081**
**COUNSEL FOR APPELLEES:**
**Quality Marine Services, Inc. and Indemnity Insurance Co.**

**COOKS, Judge.**

This litigation began with Gerard Bollich filing a maritime personal injury suit against Quality Marine Services, Inc. and its insurer, Indemnity Insurance Company of North America. Bollich was represented by appellants, Rex Townsley and J. Mac Morgan. A settlement was reached in mediation, which was reduced to writing at the completion of the mediation by counsel for Bollich. A Receipt, Release, and Indemnity Agreement, which incorporated the provisions of the agreed upon settlement, was then prepared and signed by the parties. The litigation in federal court was then dismissed.

At issue in this matter was the settlement's provision that $100,000 be set aside in an escrow account "to fund medical expenses related to GERARD BOLLICH's lumbar spine surgery that has been recommended by Dr. Clarke Gunderson."[1] The "Receipt, Release, and Indemnity Agreement" further provided that "[t]he funds deposited in the escrow account must be utilized by GERARD BOLLICH within eighteen months from the date of June 3, 2005, or by December 3, 2006, or the funds will revert to Quality Marine Services, Inc., and its underwriters and insurers."

On July 7, 2005, in accordance with the terms of the release agreement, Quality Marine deposited $100,000 into an escrow account. On July 8, 2005, Mr. Bollich's attorneys, Townsley and Morgan, made demand on Quality Marine for their 40% contingency fee on the $100,000 portion of the settlement in the escrow account. Quality Marine refused to pay.

Townsley and Morgan then filed a "Petition for Enforcement of Attorney's Fee Lien" seeking said payment. In response to the petition, Quality Marine filed a

---

[1] The settlement also provided that Mr. Bollich receive an immediate payment of $600,000.00.

motion for summary judgment asking that the claims of Townsley and Morgan be dismissed. Both Townsley and Morgan filed their own motions for summary judgment declaring "they were entitled to their 40% contingency fee on the $100,000 of the settlement between defendants and Gerard Bollich." Two hearings were held on the motions. After the first hearing, held on December 1, 2005, the trial court ruled that the $100,000 would remain in escrow to be drawn upon by Mr. Bollich as his future medical care would necessitate without any deduction of attorney fees. The funds were never used by Mr. Bollich. On December 4, 2006, the trial court held the second hearing, at which the following discussion took place:

> THE COURT
> . . . There was a Motion for Summary Judgment in this matter filed by plaintiffs' counsel in this matter, seeking 40 percent of a contingency fee contract of a hundred thousand dollars in a settlement. That hundred thousand dollars was set aside for future medical expenses. The argument being that the future medical expenses, that hundred thousand dollars would either go, (A) to the victim in this case, whom the plaintiffs' attorneys represent, or (B) if it's not used, then it would revert back to the insurance company. Under either theory, I find that the Court cannot award 40 percent of that sum, since under neither scenario was it listed in the contract that that particular sum should go back to the - - or the 40 percent may come out of the total amount. But this specific amount, it can't come out of the specific one hundred thousand dollars since it's already been detailed as to where that money would go, and the plaintiffs would certainly have to seek any type of reimbursement from their client, but it wouldn't - - it could not come out of this particular fund. So the Court is going to deny the plaintiff attorneys' Motion for Summary Judgment at this point.

> MR. BOUDREAUX:
> Your Honor, may it please the Court, I - -

> THE COURT:
> You need to get by a microphone if you want to do it in court.

> MR. BOUDREAUX:
> Your Honor, I am Barry Boudreaux here, and I'm representing Quality Marine and its insurance carrier. I believe if I am correct, there was a cross motion for summary judgment. I could be mistaken, but I think there were two motions perhaps before the Court. It's been - - I think we waited the 18th-month [sic] period, under the contract, for the plaintiff to have whatever medical treatment he was going to have, but

I just wanted the Court to, if you could, check the record and see if I am correct on that. I understand your ruling.

THE COURT:
Well, if that 18th-month [sic] period of time has elapsed, if you will present a judgment to me - - in the motion - - in the judgment itself, point out that the 18th-month [sic] period of time has - - I'm not going to check it myself, - -

MR. BOUDREAUX:
I understand.

THE COURT:
- - but you can certainly file it, and then the Court will sign it and grant it, based on that factor. I think I left it open for 18 months to see if the money was being used for future medical. If not, it would, in fact, revert back. And the Court would order, and the motion by Defense, that if the money has not been used, as was set out in the contract, in that 18th-month [sic] period of time, that it would be returned to the insurance company. And I will sign a judgment when presented to me.

On January 9, 2007, the trial court signed a judgment dismissing the motion for summary judgment filed by Townsley and Morgan. On January 29, 2007, the trial court signed a judgment granting Quality Marine's motion for summary judgment. Townsley and Morgan have appealed.

## ANALYSIS

In *Hines v. Riceland Drilling Co.*, 04-503, pp. 3-4 (La.App. 3 Cir. 9/29/04), 882 So.2d 1287, 1289-90, *writ denied*, 04-2705 (La. 1/07/05), 891 So.2d 681, this court set forth the law applicable to the appellate review of summary judgments, stating as follows:

In *Independent Fire Insurance Co. v. Sunbeam Corp.*, 99-2181, 99-2257, p. 7 (La. 2/29/00), 755 So.2d 226, 230-31, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:

Our review of a grant or denial of a motion for summary judgment is *de novo*. *Schroeder v. Board of Sup'rs of Louisiana State University*, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows:

The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C .P. art. 966(C)(2).

*Hines*, 882 So.2d at 1289-90. Thus, we must undertake a *de novo* review of the summary judgment.

The facts in this case are not in dispute. The "Receipt, Release, and Indemnity Agreement" signed by both sides clearly reflects the intent of the parties to return the funds in escrow to Quality Marine if not utilized for future medical expenses by December 3, 2006. The relevant provision provides:

a) Quality Marine Services, Inc., and its underwriters agree to deposit $100,000 in an escrow account to fund medical expenses related to GERARD BOLLICH's lumbar spine surgery that has been recommended by Dr. Clarke Gunderson, for injuries sustained on June 29, 2003. The funds deposited in the escrow account must be utilized by GERARD BOLLICH within eighteen months from the date of June 3, 2005, or by December 3, 2006, or the funds will revert to Quality Marine Services, Inc., and its underwriters and insurers.

This provision clearly does not provide for payment of a 40% contingency fee to Mr. Bollich's attorneys. The provision also clearly established a suspensive condition which Mr. Bollich was required to meet before utilizing the funds. The potential payment of the $100,000 placed in the escrow account was conditioned upon Mr. Bollich submitting to a specific medical procedure. Absent such, the agreement unambiguously provides that the funds "will revert" to Quality Marine and its underwriters and insurers. The placement of $100,000 in the medical expenses

-4-

escrow account did not create an unconditional payment to Mr. Bollich for which his attorneys were entitled to receive 40% of in fees. The escrow account created a conditional obligation, which could only be triggered by Mr. Bollich undergoing spinal surgery, which he chose not to do. "A conditional obligation is one dependent on an uncertain event." La.Civ.Code art. 1767. "If the obligation may not be enforced until the uncertain event occurs, the condition is suspensive." *Id.* "If the condition is that an event shall occur within a fixed time and that time elapses without the occurrence of the event, the condition is considered to have failed." La.Civ.Code art. 1773. Since Mr. Bollich's right to the escrow account never materialized, his attorneys cannot claim any right to fees on that amount. The trial court's grant of Quality Marine's motion for summary judgment and its denial of Townsley's and Morgan's motion for summary judgment were correct.

### DECREE

For the above reasons, the judgments appealed from are affirmed. All costs of this appeal are assessed to appellants, Rex Townsley and J. Mac Morgan.

**AFFIRMED.**